# EXHIBIT A

Patrick Howard, Esq. (Attorney ID No. 88572)
Saltz Mongeluzzi Barrett & Bendesky P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Phone: (215) 496-8282



*Attorneys for Plaintiffs (Additional Counsel Listed at Signature Page)*

| | |
|---|---|
| NATASHA FRANKLIN and JULIAN COLEMAN on behalf of themselves and others similarly situated | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| Plaintiffs, | CLASS ACTION |
| v. | Case No. _____ |
| APPLE, INC. | JURY TRIAL |
| Defendant. | |

## COMPLAINT -- CLASS ACTION
### 1O — Contract: Other

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br>　PHILADELPHIA BAR ASSOCIATION<br>　Lawyer Referral and Information Service<br>　1101 Market Street, 11th Floor<br>　Philadelphia, Pennsylvania 19107<br>　(215) 238-1701 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion. Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.<br>　LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br>　ASSOCIACION DE LICENCIADOS DE FILADELFIA<br>　Servicio De Referencia E Informacion Legal<br>　1101 Market Street, 11th Floor<br>　Filadelfia, Pennsylvania 19107<br>　(215) 238-1701 |

Case ID: 150800109

Plaintiffs Natasha Franklin and Julian Coleman ("Plaintiffs") bring this class action lawsuit on behalf of themselves and all other similarly situated persons against Defendant Apple, Inc. ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*. The following allegations are based on knowledge as to themselves and upon information and belief as to other matters (which is based on, among other things, their experiences at Defendant's stores, review of Defendant's records, conversations with Defendant's employees and investigation of their counsel).

## THE PARTIES

1. Plaintiff Natasha Franklin ("Franklin") is an adult citizen of the Commonwealth of Pennsylvania residing at 438 Parkview Drive, Phoenixville, Pennsylvania 19460.

2. Plaintiff Julian Coleman ("Coleman") is an adult citizen of the Commonwealth of Pennsylvania residing at 6415 North 21st Street, Philadelphia, Pennsylvania 19138.

3. Plaintiffs are employees covered by the PMWA and entitled to its protections.

4. Defendant is a California corporation registered to do business in the Commonwealth of Pennsylvania with a principal office located at 1 Infinite Loop, Cupertino, California 95014.

5. Defendant is an employer covered by the PMWA and required to comply with its wage and hour mandates.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendant.

7. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 971 (Pa. Super. 2009). This includes, *inter alia*, Defendant

maintaining a retail store at 1607 Walnut Street, Philadelphia, Pennsylvania which is located in Philadelphia County. Upon information and belief, Defendant has sold merchandise to Philadelphia County residents from Defendant's Walnut Street retail store location.

## FACTS

8. Defendant designs, manufactures and markets mobile communication and media devices, personal computers, and portable digital music players, and sells a variety of related software, services, peripherals, networking solutions, and third-party digital content and applications.

9. According to its most recent Annual Report, Defendant operates 259 retail store locations in the United States.

10. According to Defendant's website, nine (9) of these retail stores are located within the Commonwealth of Pennsylvania. *See* https://www.apple.com/retail/storelist/ These locations shall be referred to herein as the "Pennsylvania Stores."

11. Defendant classifies most of its employees at its Pennsylvania Store as non-exempt from the PMWA's overtime pay mandates.

12. These non-exempt Pennsylvania Store employees are paid on an hourly basis and hold job titles such as, *inter alia*, Specialists, Lead Specialists, Expert Specialists, Managers, Senior Manager, Genius, Developmental Managers and Business Managers. These individuals, including Plaintiffs, are referred to herein as "Apple Hourly Employees."

13. Since December 4, 2011, Defendant has employed over 100 Apple Hourly Employees at its Pennsylvania Stores.

14. Throughout their employment, Plaintiffs and other Apple Hourly Employees regularly work over 40 hours per workweek.

2

15. Defendant requires its Apple Hourly Employees to utilize the Pennsylvania Store's Kronos timekeeping system to record their hours worked based on when they "clock in" and "clock out" during their shifts.

16. Defendant requires that its Apple Hourly Employees clock in when they arrive at work, clock out when they go on a meal break, clock in when they return from a meal break, and clock out when they leave at the end of their shift.

17. The Pennsylvania Store's Kronos timekeeping system requires Apple Hourly Employees to enter a username and password to clock in and clock out each day.

18. During the three year period relevant to this lawsuit, Defendant has required its Apple Hourly Employees to undergo personal package, bag searches, and "tech checks" (collectively "Security Checks") prior to leaving the premises of their assigned Pennsylvania Store.

19. According to Defendant policy, "[a]ll employees, including managers and Market Support employees, are subject to personal package and bag searches."

20. If an Apple Hourly Employee refuses to submit to this Security Check or deviated from the corporate policy in any way, it "could result in disciplinary action, up to and including termination."

21. The required Security Checks were performed by Defendant on the premises of its Pennsylvania Stores.

22. The Security Checks are conducted *after* Apple Hourly Employees have clocked out for either (i) the end of their shift; and/or (ii) the beginning of their unpaid meal break.

23. The Security Checks were required by Defendant to deter theft by Apple Hourly Employees.

3

24. The Security Checks were not performed for the convenience of Apple Hourly Employees

25. As detailed below, Defendant has failed to compensate Plaintiffs and other Apple Hourly Employees at its Pennsylvania Stores for the time elapsed between the conclusion of their paid shifts and the conclusion of the Security Checks.

26. In addition, Defendant has failed to compensate Plaintiffs and other Apple Hourly Employees at its Pennsylvania Stores for the time elapsed between the commencement of their unpaid meal break and the conclusion of the Security Checks.

## FACTS PERTAINING TO PLAINTIFF FRANKLIN

27. Franklin was employed by Defendant as an Apple Hourly Employee from approximately January 2012 until January 2014 at its retail store in the King of Prussia Mall in King of Prussia, Pennsylvania.

28. As an Apple Hourly Employee, Franklin held the positions of "Family Room Specialist" and "Genius" for Defendant and was paid an hourly rate between approximately $12.90 and $20.00.

29. As an Apple Hourly Employee, Franklin was regularly scheduled to work at least 40 hours each workweek.

30. Throughout her employment as an Apple Hourly Employee, Franklin was required to undergo Security Checks before she was permitted to leave the premises of Defendant's King of Prussia store for her uncompensated meal breaks, but *after* clocking out.

31. Based on her routine and recollection of her time as an Apple Hourly Employee, Franklin estimates that Defendant's Security Checks during her uncompensated meal breaks took up to between five and seven minutes each day to complete.

4

32. Franklin was also subjected to Security Checks before she was permitted to leave the premises of Defendant's King of Prussia store for the end of her compensable day, but *after* clocking out.

33. Based on her routine and recollection of her time as an Apple Hourly Employee, Franklin estimates Defendant's Security Checks after she had clocked out at the end of her shift took up to between seven and ten minutes each day to complete, including time waiting in line to be subject to the Security Check.

34. As a result of the practices described in paragraphs 28-34 above, Defendant has failed to fully compensate Franklin for all hours worked.

## FACTS PERTAINING TO PLAINTIFF COLEMAN

35. Coleman was employed by Defendant as a part-time Apple Hourly Employee from approximately September 2012 until November 2013 at its retail store in the King of Prussia Mall in King of Prussia, Pennsylvania.

36. Coleman was also employed by Defendant as a part-time Apple Hourly Employee from approximately November 2013 until March 2014 at its retail store in the Willow Grove Park in Willow Grove, Pennsylvania.

37. As an Apple Hourly Employee, Coleman held the position of "Specialist" for Defendant and was paid an hourly rate between approximately $14.50 and $15.08.

38. Even though Coleman's was only a "part-time" Apple Hourly Employee, he frequently was required to work at least 40 hours during certain workweeks, these including, *inter alia*, during holidays and "launches."

39. Throughout his employment as an Apple Hourly Employee, Coleman was required to undergo Security Checks before he was permitted to leave the premises of

Defendant's King of Prussia and Willow Grove Park stores for his uncompensated meal breaks, but *after* clocking out.

40. Based on his routine and recollection of his time as an Apple Hourly Employee, Coleman estimates that Defendant's Security Checks during his uncompensated meal breaks took up to between five and seven minutes each day to complete.

41. Coleman was also subjected to Security Checks before he was permitted to leave the premises of Defendant's King of Prussia and Willow Grove Park stores for the end of his compensable day, but *after* clocking out.

42. Based on his routine and recollection of his time as an Apple Hourly Employee, Coleman estimates Defendant's Security Checks after he had clocked out at the end of his shift took up to between seven and ten minutes each day to complete, including time waiting in line to be subject to the Security Check.

43. As a result of the practices described in paragraphs 36-43 above, Defendant has failed to compensate Coleman for all hours worked.

## CLASS ACTION ALLEGATIONS

44. Plaintiffs bring this action pursuant to Pa. R. Civ. P. 1701-16 on behalf of themselves and a Class defined to include:

> All citizens of the Commonwealth of Pennsylvania who were employed by Defendant as Apple Hourly Employees at its Pennsylvania Stores and, during any work week since December 4, 2011, have been subject to a Security Check as described above without receiving compensation for such time (the "Class").

45. This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708 and 1709.

46. The Class is so numerous that joinder of all individual members is impracticable, and members of the Class are objectively ascertainable based on payroll data maintained or

controlled by Defendant.

47. Defendant's conduct with respect to the Class raises questions of law or fact that are common to the entire class. In particular, during the relevant class period, Defendant failed to compensate the Class for time they were required by Defendant to be on the premises of its Pennsylvania Stores.

48. Plaintiffs' claims and Defendant's corresponding defenses are typical of the claims or defenses applicable to the Class because, *inter alia*, all claims are based on the same legal theories and remedies. Moreover, Plaintiffs' assertions that Defendant violated the PMWA's by failing to compensate them and the Class for all time required by Defendant to be on the premises of its Pennsylvania Stores is sufficiently aligned with the interests of the Class as a whole so that pursuit of Plaintiff's own interests will benefit the Class as a whole.

49. Plaintiffs will fairly and adequately represent the interests of the Class because, *inter alia*, (a) Plaintiffs are represented by experienced counsel who are well prepared to vigorously and competently prosecute this action on behalf of the Class; (b) Plaintiffs and their counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the Class; and (c) Plaintiffs and their counsel have adequate financial resources to assure that the Class' interests will not be harmed.

50. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

    (a) The previously mentioned common questions of law and fact predominate over any questions affecting Plaintiffs or any individual Class members;

    (b) All Class members are easily identifiable through Defendant's own

records and compute files, and no foreseeable difficulties in the management of this action as a class exist;

(c)     The monetary damages sought on behalf of Plaintiffs and the Class are readily calculated and attributable to individual Class members;

(d)     Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if the individual Class members were to pursue independent actions in various courthouses throughout the Commonwealth;

(e)     Because Defendant conducts a substantial amount of business in Philadelphia County, this Court is an appropriate forum for the litigation of the claims of the Class;

(f)     The complexities of the issues and the expense of litigating the separate claims of individual Class members weigh in favor of class certification. For example, in the instant action, Plaintiffs will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, payroll and security check practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual Class Members as well as judicial consistency. Thus, the conduct of this action as a class action

conserves the resources of the parties and the court system, protects the rights of each Class Member, and meets all due process requirements as to fairness to Defendants. Adequate notice of this class action can be provided to Class Members by hand distribution and/or direct mail and/or email; and

(g) Because the damages sustained by individual Class Members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual Class members to independently pursue litigation against Apple in order to assert their rights.

## COUNT I

51. The preceding paragraphs are incorporated by reference as if fully set forth herein.

52. Defendant is an employer covered by the PMWA's requirements.

53. Plaintiffs and members of the Class are employees entitled to the protections offered by the PMWA.

54. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* P.S. § 333.104(a).

55. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* P.S. § 333.104(c).

56. The PMWA defines "Hours Worked" to include, *inter alia*, "time during which an employee is required by the employer to be on the premises of the employer." 34 P.A. Code § 231.1.

57. Regarding meal breaks, the PMWA requires, *inter alia*, payment for "time spent on the premises of the employer that is not for the convenience of the employee." *Id.*

58. Defendant violated the PMWA by failing to compensate Plaintiffs and other Class members for all hours worked both after their paid shifts and during their unpaid meal breaks. *See* 34 Pa. Code §231.1; *see, e.g., Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa. Super. Ct. 2009). As such, during weeks in which Plaintiffs' and the Class' combined paid and unpaid compensable time exceeds 40 hours, Plaintiffs and the Class are entitled to (i) compensation at their regular pay rate for uncompensated hours worked under 40 hours and (ii) compensation at their overtime premium rate for uncompensated hours work over 40 hours.

## PRAYER FOR RELIEF

**WHEREFORE**, all Plaintiffs, individually and on behalf of the Class, seek the following relief:

A. Unpaid wages to the fullest extent permitted under the law;

B. Prejudgment interest to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

Case ID: 150800109

D.   Such other and further relief as this Court deems just and proper.

Date: August 3, 2015

/s/ Patrick Howard
Patrick Howard, Esq. (Attorney ID No. 88572)
SALTZ MONGELUZZI BARRETT & BENDESKY P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Phone: (215) 496-8282
Facsimile: (215) 496-0999
Email: phoward@smbb.com

Lee S. Shalov (*pro hac vice* admission anticipated)
Wade C. Wilkinson (Attorney ID No. 319821)
Brett Gallaway (*pro hac vice* admission anticipated)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
Facsimile: (212) 448-0066
Email: lshalov@mclaughlinstern.com
Email: wwilkinson@mclaughlinstern.com
Email: bgallaway@mclaughlinstern.com

*Attorneys for Plaintiffs*

## VERIFICATION

I, Natasha Franklin, hereby state:

1. I am the plaintiff in this action;
2. I verify that the statements made in the Complaint are true and correct to the best of my knowledge information and belief; and
3. I understand that the statements in the Complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 7/21/2015          *Natasha Franklin*
                          Signature

*Natasha Franklin*
Natasha Franklin

Case ID: 150800109

## **VERIFICATION**

I, Julian Coleman, hereby state:

1. I am the plaintiff in this action;

2. I verify that the statements made in the Complaint are true and correct to the best of my knowledge information and belief; and

3. I understand that the statements in the Complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 7/23/15                                        _Julian Coleman_
                                                       Signature

                                                       JULIAN COLEMAN
                                                       Julian Coleman

Case ID: 150800109